IFP

LUIS URIOSTE
4139 VIA MARINA #503
MARINA DEL REY, CA 90292

*Defendant, In Pro Se*

FILED
2020 FEB 21 PM 12:58
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY EV

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

Case No.: **LACV20-01701 DMG (JEMx)**

**EQR-MARINA DEL REY-1, LP**

PLAINTIFF,

vs.

**LUIS URIOSTE** AND Docs / fraud 10, inclusive

DEFENDANTS

**NOTICE OF REMOVAL**

**DEFENDANT, LUIS URIOSTE'S COMPLAINT FOR: VIOLATIONS OF 12 U.S.C. § 2601, ET. SEQ. [REAL ESTATE SETTLEMENT PROCEDURES ACT] CALIF. CCP 430.90**

**from the LOS ANGELES County** Superior Court,
**Case # 19SMUD02435**

-1-

**DEFENDANT, LUIS URIOSTE'S NOTICE OF REMOVAL. COMPLAINT FOR: VIOLATIONS OF 12 U.S.C. § 2601-2610 [RESPA]**

**COMES NOW,** DEFENDANT, LUIS URIOSTE ("DEFENDANT") brings this lawsuit against PLAINTIFF,EQR-MARINA DEL REY-1, LP, ("PLAINTIFF") for violations of the federal statute: Real Estate Settlement Procedures Act. (RESPA).

### PARTIES

1. DEFENDANT is a resident of the State of California and resides at 4139 VIA MARINA #503 MARINA DEL REY, CA 90292. Importantly, DEFENDANT alleges that the PLAINTIFFs intentionally violated the federal statute that is implemented by the United States Congress for DEFENDANT's protection.

2. PLAINTIFF,EQR-MARINA DEL REY-1, LP, is doing business in the State of California and have pursued an action to harm DEFENDANT. DEFENDANT alleges that this PLAINTIFF were lenders, or creditors, or dealers, real estate transactors and are, thus, subject to the provisions of the RESPA.

### VENUE AND JURISDICTION

3. This court further has jurisdiction under 28 U.S.C. § 1331 pursuant to 12 U.S.C. § 2605.13. This Court has personal jurisdiction over the parties in this action by the fact that PLAINTIFF is a corporation that is licensed to do business in the state of California or otherwise conducts business in the state of California.

4. Venue is proper in this Court as the unlawful practices and conduct are alleged to have been committed in LOS ANGELES County, California. DEFENDANTs' home, which is the subject of this litigation, is in theLOS ANGELES County, California, all Defendants reside in this district within the meaning of 28 U.S.C. § 1391©, and Defendants regularly conduct business in this district.

### DEFENDANT'S CAUSE OF ACTION FOR VIOLATIONS OF RESPA AGAINST PLAINTIFFS

5. DEFENDANT realleges and incorporates by reference the afore-mentioned allegations contained herein Paragraphs 1-4.

-2-

**DEFENDANT, LUIS URIOSTE'S NOTICE OF REMOVAL. COMPLAINT FOR: VIOLATIONS OF 12 U.S.C. § 2601-2610 [RESPA]**

6. RESPA is applicable for the following statutory requirements were never met:

**(a) Disclosure to applicant relating to assignment, sale, or transfer of loan servicing**
Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding.

**(b) Notice by transferor of loan servicing at time of transfer**
**(1) Notice requirement**
Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.

**(3) Contents of notice**
The notice required under paragraph (1) shall include the following information:
**(A)** The effective date of transfer of the servicing described in such paragraph.
**(B)** The name, address, and toll-free or collect call telephone number of the transferee servicer.
**(C)** A toll-free or collect call telephone number for
**(i)** an individual employed by the transferor servicer, or
**(ii)** the department of the transferor servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.
**(D)** The name and toll-free or collect call telephone number for
**(i)** an individual employed by the transferee servicer, or
**(ii)** the department of the transferee servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.
**(E)** The date on which the transferor servicer who is servicing the mortgage loan before the assignment, sale, or transfer will cease to accept payments relating to the loan and the date on which the transferee servicer will begin to accept such payments.
**(F)** Any information concerning the effect the transfer may have, if any, on the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance and what action, if any, the borrower must take to maintain coverage.
**(G)** A statement that the assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the security instruments other than terms directly related to the servicing of such loan.

**(c) Notice by transferee of loan servicing at time of transfer**
**(1) Notice requirement**
Each transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer.

**B) Qualified written request**
For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—
**(i)** includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
**(ii)** includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.
**(2) Action with respect to inquiry**

-3-

**DEFENDANT, LUIS URIOSTE'S NOTICE OF REMOVAL. COMPLAINT FOR: VIOLATIONS OF 12 U.S.C. § 2601-2610 [RESPA]**

Not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall—
**(A)** make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);
**(B)** after conducting an investigation, provide the borrower with a written explanation or clarification that includes—
**(i)** to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
**(ii)** the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or
**(C)** after conducting an investigation, provide the borrower with a written explanation or clarification that includes—
**(i)** information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
**(ii)** the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

7. DEFENDANT alleges that the State of California did not anticipate a wrongful and illegal foreclosure as the cause of a trustee sale when it imbued the trustee sale with perfecting power. Thus the Perfecting nature of a trustee sale should not and does not absolve the Plaintiff's of their responsibilities as responsible buyers from exercising due dilligence in the purchase of the wrongfully foreclosed property. The plaintiff's disregard of the old admoniation of "Buyer Beware" does not absolve them of all responsibility in regards to the purchase of a property that was wrongfully foreclosed.

8. The State has shown no interest in addressing the issue of a tainted trustee sale and this court is the best venue for resolving the issues related to a tainted trustee sale.

9. DEFENDANT alleges that he never received a notice, no correspondence and no response to DEFENDANT's "status" as a) resident, b) homeowner or c) occupier in the property. As a lender and dealer in real property and lending or participating in lending functions, the Plaintiff's pursuant to RESPA had a duty to disclose their relationship to

-4-

**DEFENDANT, LUIS URIOSTE'S NOTICE OF REMOVAL. COMPLAINT FOR: VIOLATIONS OF 12 U.S.C. § 2601-2610 [RESPA]**

DEFENDANT and failed to effectuate that obligation. RESPA exacts disclosures from a lender/dealer; however, DEFENDANT, further alleges that the Plaintiff's did not comply. DEFENDANT has, accordingly, suffered harm, i.e., loss of his home and damage to his credit and will be lumpened.

**DEFENDANT, LUIS URIOSTE'S NOTICE OF REMOVAL. COMPLAINT FOR:
VIOLATIONS OF 12 U.S.C. § 2601-2610 [RESPA]**

## PRAYER FOR RELIEF

**WHEREFORE,** DEFENDANT'S pray for JUDGMENT against each and every member, agent, employee, manager, or director of the listed Plaintiffs as well as the following:

**FIRST CAUSE OF ACTION:**

1. For pre and post judgment relief;

2. For special damages according to proof;

3. For compensatory damages against all Plaintiff's for compensating DEFENDANT;

4. For costs of suit incurred;

5. For general damages according to proof;

The amount in controversy exceeds the sum of $75,000. District court has jurisdiction of the action pursuant to 28 U.S.C. 1332(a)

///

## VERIFICATION

I, the undersigned, say:

I am the DEFENDANT in this matter. The contents of the Complaint are true of my personal knowledge, except as to matters which are stated on my information and belief and, as to these matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on 2-21-20.

_____
DEFENDANT, LUIS URIOSTE,
*In Pro Se*

-6-

**DEFENDANT, LUIS URIOSTE'S NOTICE OF REMOVAL. COMPLAINT FOR: VIOLATIONS OF 12 U.S.C. § 2601-2610 [RESPA]**

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 8689 Sierra Avenue, Suite B, Fontana, CA 92335

On  2-21-20  I served the foregoing document(s) described as: **NOTICE OF REMOVAL** to the following parties:

Frederick L. Spinrad, Esq. 310.551.0095
501 S. Beverly Dr. Suite 210
Beverly Hills, California 90212

[ X ] (By U.S. Mail) I deposited such envelope in the mail at Orange, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed in valid in postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 2-21-20

Francisco Bourne

-7-

**DEFENDANT, LUIS URIOSTE'S NOTICE OF REMOVAL. COMPLAINT FOR: VIOLATIONS OF 12 U.S.C. § 2601-2610 [RESPA]**

19SMUD02435

Assigned for all purposes to Santa Monica Courthouse, Judicial Officer. Lisa Sepe-Wiesenfeld

(SPACE BELOW FOR FILING STAMP ONLY)

1  FREDERICK L. SPINRAD
   Attorney at Law
2  501 S. Beverly Dr., Suite 210
   Beverly Hills, CA 90212
3  (310) 551-0095

4  (State Bar #062873)
   Attorney for Plaintiff
5

6

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF LOS ANGELES

10

11 EQR-MARINA DEL REY-I, LP    ) CASE NO. -19SMUD02435
                               )
12                             ) COMPLAINT FOR UNLAWFUL DETAINER
                               )
13              Plaintiff,     ) LIMITED CIVIL CASE
   -vs-                        )
                               ) (DEMAND OF THE COMPLAINT
14                             )  IS LESS THAN $10,000.00)
15                             )
   LUIS URIOSTE                )
16                             )
   and DOES 1 through 10, inclusive, )
17                  Defendants.)

18      PLAINTIFF COMPLAINS OF THE DEFENDANTS, AND EACH OF THEM, AND
19 FOR CAUSE OF ACTION ALLEGES THAT:
20      1.  The real property, possession of which is the subject of
21 this action, is situated in the judicial district of the County
22 of Los Angeles set forth on line eight above.
23      2.  The true names and capacities, whether individual, cor-
24 porate, associate or otherwise, of the defendants Does 1 through
25 10, and each of them, are unknown to plaintiff who, therefore,
26 sues said defendants by such fictitious names, according to his
27 information and belief, and will ask leave of Court to amend this
28 Complaint to show their true names and capacities when same have

                              -1-

           COMPLAINT, UNLAWFUL DETAINER

become ascertained.

3. The real property, possession of which is sought in this action is situated in the City of Marina Del Rey County of Los Angeles, State of California, commonly described as follows:

    4139 Via Marina, Apt. 503

    Marina Del Rey, CA 90292

4. Plaintiff is the lessor of said hereinabove-described premises, and is entitled to immediate possession of said premises.

5. Plaintiff has filed and published the Statement required by Sections 17910 et seq of the California Business and Professions Code. Plaintiff is a limited partnership.

6. On or about 9/24/19 Plaintiff leased to Defendants, and each of them, the premises described in paragraph 3 above, under a written agreement for a month-to-month tenancy at a current monthly rental of $ 4597.00 , payable in advance on the first day of each month. Said agreement provides, in part, for reasonable attorney's fees.

7. By virtue of said agreement the Defendants, and each of them, went into possession of, and continue to occupy, said premises.

8. Pursuant to the terms of said agreement, there became rent due, owing and unpaid for said premises in the sum of $ 4596.00 being the balance of the/rent that became due on 11/1/19 for the period of 11/1/19 through 11/30/19 the amount of which remains wholly unpaid.

9. The premises and tenancy the subject of this action are not subject to the rent control ordinance of any governmental entity and non-payment of rent is the basis and reason of this action.

COMPLAINT, UNLAWFUL DETAINER

10. A notice demanding the past due rent as set forth in paragraph 8 above is attached hereto, marked Exhibit A and made a part hereof. Said notice was served by posting a copy on the premises on 11/5/19 and by mailing a copy to the defendant(s) at the premises on 11/5/19, there being no person of suitable age or discretion to be found at any known place of residence or business of said defendant(s). The notice included an election of forfeiture.

11. More than three (3) days have elapsed since the service of said notice and Defendants, and each of them, have failed to pay said rent or deliver up possession of said premises. Plaintiff is entitled to immediate possession thereof.

12. Defendants, and each of them, continue in possession of said premises without Plaintiff's consent or permission.

13. The reasonable rental value of said premises is the sum of $ 153.23 per day, and damages to Plaintiff caused by defendants' unlawful detention thereof have accrued at said rate as allowed by law and will continue to accrue at said rate so long as defendants remain in unlawful detention & possession of said premises.

14. Plaintiff has duly performed all of the conditions of said agreement and tenancy, including all conditions precedent on his part to be performed.

WHEREFORE, Plaintiff prays judgment against the Defendants, remitting all sums in excess of the jurisdiction of this Court, as follows:

1. Restitution of said premises;
2. Forfeiture of the rental agreement;
3. Rent for said premises now due and unpaid for the period

\\\

COMPLAINT, UNLAWFUL DETAINER

```
 1          set forth in paragraph 8 hereof in the sum of $ 4596.00
 2       4. Damages at the rate of $ 153.23 per day as allowed by
 3          law for each day Defendants continue in unlawful detention
 4          of said premises until the date of judgment;
 5       5. For costs herein, and reasonable attorney's fees;
 6       6. For such other and further relief as this Honorable Court
 7          deems just and proper.
 8
 9  DATED: 12/2/19
10
                                        _____
11                                      FREDERICK L. SPINRAD
                                        Attorney for Plaintiff
12
13
14  ORIGINAL COMPLAINT VERIFIED
```

-4-

COMPLAINT, UNLAWFUL DETAINER